**LAI HEUNG CHAN, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 06–15327.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2007 *.

Filed Jan. 17, 2008.

David M. Michael, Esq., Law Office of David M. Michael, San Francisco, CA, for Plaintiff–Appellant.

Blake D. Stamm, Esq., U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before: FARRIS, BEEZER, and THOMAS, Circuit Judges.

MEMORANDUM **

Lai Heung Chan appeals the district court's order declining to exercise jurisdiction over and denying her Federal Rule of Criminal Procedure 41(g) motion for return of property. We affirm.

Even if we assume, without deciding, that the district court abused its discretion by declining to exercise jurisdiction, *see*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*United States v. Kama,* 394 F.3d 1236, 1237 (9th Cir.2005), the relief Chan seeks is not available via a Rule 41(g) motion. Under Rule 41(g), the government "cannot ... return money it no longer has." *United States v. Hayes,* 385 F.3d 1226, 1230 (9th Cir.2004). While the government may have an obligation under Rule 41(g) to return funds that it retains, such as fines, special assessments and costs, it has no obligation to return funds that it does not retain, such as restitution funds that have been distributed to victims. *Id.* at 1229–30.

**AFFIRMED.**